David Anthony WEBB *v.* STATE of Arkansas

CR 96-711                                  928 S.W.2d 793

Supreme Court of Arkansas
Opinion delivered September 16, 1996

*Zimmery Crutcher, Jr.*, for appellant.

No response.

PER CURIAM. Appellant David Anthony Webb by his attorney Zimmery Crutcher, Jr., petitions the court for (1) a writ of certiorari to complete the record and to designate funds to pay for the trial transcript, and (2) for a rule on the clerk regarding the transcript to be prepared.

The facts alleged in the petition are these. On March 22, 1996, the appellant moved to dismiss his trial attorney, Mr. Crutcher, without notice to Mr. Crutcher.

On March 27, 1996, the appellant filed a notice of appeal and request to proceed *in forma pauperis*, also without notice to Mr. Crutcher.

On April 11, 1996, an affidavit was filed by the court reporter, stating that she had not received a copy of the notice of appeal and

that no arrangements had been made with her about the trial transcript.

On June 14, 1996, the trial court notified Mr. Crutcher that a partial record had been filed in the Supreme Court on May 30, 1996, and that the completed record was due June 23, 1996. Mr. Crutcher was given the option of filing the complete record or moving this court to relieve him as counsel.

On June 19, 1996, Mr. Crutcher moved to withdraw as counsel, and on July 8, 1996, that motion was denied by this court. Mr. Crutcher now points out in the indigency petition that his petition to withdraw was filed before the deadline for filing the record but denied by this court after the deadline had passed.

No affidavit of indigency executed by the appellant accompanied these petitions. Hence, this court is unable to determine the indigency status of the appellant. Without that determination, it is premature to grant the petition for writ of certiorari to complete the record. And, without a complete record, it is premature to consider a petition for rule on the clerk.

We emphasize again that Mr. Crutcher was retained counsel during the trial of this matter. We remand this matter to the trial court for a determination of indigency and, if indigency is found, for appointment of counsel for appeal.